IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
UNITED STATES OF AMERICA, : CASE NOS. 5:01 CR 0259
: 5:07 CV 2682
Plaintiff, :
: MEMORANDUM OF OPINION AND
-vs- : ORDER DENYING DEFENDANT'S
: MOTION FOR RECONSIDERATION
: PURSUANT TO FED. R. CIV. P.
WAYNE ANDRE GOODRUM, : 59(e)
:
Defendant. :
------------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

     In a Memorandum of Opinion and Order on 5 November 2008, this Court denied Wayne Andre Goodrum's ("Mr. Goodrum" or "Defendant") pro se Motion to Vacate [Set Aside, or Correct his Sentence] under 28 U.S.C. § 2255 (Doc. 105) on both jurisdictional and substantive grounds. (Doc. 115). Upon a thorough review of the record, the Court considered and rejected Mr. Goodrum's position that his motion was timely, and considered and rejected Mr. Goodrum's argument for the application of equitable tolling. (Doc. 115, pp. 4-8). Further, in an abundance of caution, the Court considered the merit of Mr. Goodrum's position and found it legally untenable. (Doc. 115, pp. 8-10). The Court resolved the Defendant's motion without an evidentiary hearing. See United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986)

Appearing pro se, Mr. Goodrum is now before the Court on a Motion to Alter or amend Judgment Pursuant to F. R. Civ. P. 59(e).  (Doc. 117).  Mr. Goodrum maintains the Court has committed a clear error of law.  For the reasons discussed below the Court will deny the Defendant's motion.

"Courts presented with motions for reconsideration in criminal cases typically evaluate those motions under the same standards applicable to a civil motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure."  United States v. Holtzhauer, 2006 WL 1582444, at * 1 (S.D. Ohio 8 June 2006).  A motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) "allows for reconsideration; it does not permit parties to effectively 're-argue a case.' " Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008) (quoting Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)).  The Court may alter or amend its judgment only if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005), cert. denied, 547 U.S. 1070 (2006).  However, a motion to alter or amend a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.  American Textile Mfrs. Institute, Inc. v. The Limited, Inc., 179 F.R.D. 541, 547 (S.D. Ohio 1997).

Mr. Goodrum continues to maintain his sentencing designation as a career criminal offender under United States Sentencing Guidelines (U.S.S.G.) § 4B1.1 was the result of ineffective assistance of counsel.  Specifically, Mr. Goodrum asserts his counsel failed to assure the accuracy of his career offender status, as evidenced by the alteration of the Pre-Sentence Investigation Report ("PSI") shortly after Mr. Goodrum's

20 December 2002 sentencing hearing when the government, pursuant to U.S.S.G. 4A1.1(a) amended a prior aggravated trafficking conviction to show one criminal history point rather than the three criminal history points it formerly carried.

Mr. Goodrum's motion for reconsideration does not alter the Court's determination that Mr. Goodrum's request for relief pursuant to section 2255 is time-barred and that the documented alteration of the defendant's presentence investigation report had no bearing on the defendant's career offender status.  First, Mr. Goodrum's section 2255 petition was filed more than 28 months after the Sixth Circuit issued its mandate affirming his sentence.  Second, the alteration of the presentence investigation report, upon which Mr. Goodrum relies, cannot be construed as "new evidence," and cannot, therefore, make his section 2255 motion timely.  Upon review of the record and in light of Mr. Goodrum's Rule 59(e) motion, the Court considers the defendant's section 2255 motion for relief untimely.  Mr. Goodrum's motion to alter or amend will be denied.

Further, Mr. Goodrum's motion for reconsideration does not change the Court's conclusion that the defendant's criminal history category fails to substantively impact his career offender status pursuant to U.S.S.G. §§ 4A1.1, 4A1.2 & 4B1.1.  Mr. Goodrum's two prior aggravated trafficking convictions, in which the Defendant received an imposed sentence of over one year and one month, qualify him for career offender status, a position announced to Mr. Goodrum on 14 November 2001 by Information (Doc. 41), and agreed to by the Defendant in his Rule 11 plea agreement (Doc. 43).

Mr. Goodrum's arguments were previously considered in the Court's Memorandum of Opinion and Order denying section 2255 relief.  (Doc. 115).  The

Defendant has not shown legal error in that Opinion and Order, nor any other basis for relief under Rule 59(e). Accordingly, Mr. Goodrum's motion to alter or amend is denied.

The Court reiterates, for the reasons expressed in this order and the previous order of dismissal, a certificate of appealability is denied and as any appeal would not be taken in good faith, the Defendant may not proceed on appeal <u>in forma pauperis</u>.

    IT IS SO ORDERED.

                                                      /s/Lesley Wells
                                      UNITED STATES DISTRICT JUDGE